IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH ALBRECHT,<br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>OASIS POWER, LLC d/b/a OASIS<br>ENERGY,<br><br>    Defendant. | CASE NO. 1:18-cv-1061<br><br>Honorable Harry D. Leinenweber |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and all files and submissions,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.    The Settlement Class**

    1.    <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

    2.    <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over Plaintiff and Defendants Oasis Power, LLC d/b/a/ Oasis Energy; Spark Energy, Inc. Spark Energy, LLC; Spark Energy Gas, LLC; CenStar Energy Corp.; Electricity Maine, LLC; Electricity N.H., LLC; Provider Power Mass, LLC; Major Energy Services, LLC; Major Energy Electricity Services LLC; Respond Power LLC;

9

Perigee Energy, LLC; Verde Energy USA, Inc.; Verde Energy USA Commodities, LLC; Verde Energy USA Connecticut, LLC; Verde Energy USA DC, LLC; Verde Energy USA Illinois, LLC; Verde Energy USA Maryland, LLC; Verde Energy USA Massachusetts, LLC; Verde Energy USA New Jersey, LLC; Verde Energy USA New York, LLC; Verde Energy USA Ohio, LLC; Verde Energy USA Pennsylvania, LLC; Verde Energy USA Texas Holdings, LLC; Verde Energy USA Trading, LLC; Verde Energy Solutions, LLC.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. <u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

4. <u>Provisional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All individuals within the United States (i) who were sent a prerecorded message, also referred to a ringless voicemail (ii) on his or her telephone (iii) by or on behalf of Defendants advertising Defendants' goods and services during the Class Period (February 12, 2014 through the date of Preliminary Approval).[1]

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members.

9

5. In connection with this provisionally certification for settlement purposes, the Court makes the following preliminary findings:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

    c. Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

    d. Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement.

    e. For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

6. <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, Plaintiff Kenneth Albrecht is a member of the Settlement Class and that, for Settlement purposes only, he satisfies the requirement that he will adequately represent the interests of the Settlement Class Members. The Court hereby appoints the named Plaintiff Kenneth Albrecht as Class Representative of the Settlement Class.

7. <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule

23(g)(1) of the Federal Rules of Civil Procedure, and having reviewed the submissions of Plaintiff's counsel and the work performed by Plaintiff's counsel thus far in this litigation, the Court finds that Katrina Carroll of Carlson Lynch LLP, Scott Edelsberg of Edelsberg Law PA, Andrew Shamis of Shamis & Gentile PA and Manuel S. Hiraldo of Hiraldo P.A. will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Katrina Carroll, Scott Edelsberg, Andrew Shamis and Manuel Hiraldo as Class Counsel to represent the Settlement Class.

**B.     The Fairness Hearing**

1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing **on February 11, 2020 at 9:30 a.m.,** for the purposes of determining whether to issue an order:

    (a)     Finding that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement and all exhibits thereto;

    (b)     Certifying a Settlement Class for purposes of this Settlement;

    (c)     Finally approving the Settlement Agreement as fair, reasonable and adequate as to all Parties and Settlement Class Members and consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and directing the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions;

    (d)     Declaring the Settlement Agreement and the Final Approval Order and Judgment to be binding on and having res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and

9

successors;

   (e)  Finding that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law, and that the CAFA Notice sent by Defendants complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

   (f)  Approving the Claim Forms distributed to the Settlement Class;

   (g)  Finding that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

   (h)  Dismissing the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

   (i)  Adjudging that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendant and the Released Persons;

   (j)  Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserving jurisdiction over the Settlement Administrator, Defendant, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement

9

Agreement and Final Order and Judgment and for any other necessary purposes;

    (k)  Providing that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendant and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

    (l)  Determining that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

    (m)  Barring and permanently enjoining all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation

9

and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

    (n)  Stating that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Persons and Class Counsel as a result of the violation;

    (o)  Approving the Opt-Out List and determining that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

    (p)  Authorizing the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

  2.  No later than **January 28, 2020,** which is fourteen (14) days prior to the Fairness Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than **January 28, 2020.**

  3.  <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing is not necessary; however, any persons wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representative, are required to provide written notice of their intention to appear at the Fairness Hearing no later than **December 7, 2019,** which is the Opt-Out and Objection Date. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

      4.    <u>Deadline to File Motion for Attorneys' Fees and Service Award</u>: Class Counsel shall file any applications for an Attorneys' Fee Award and a Service Award by no later than **November 23, 2019,** which is fourteen (14) days prior to the Opt-Out and Objection Date.

**C.**      **Objections to Settlement.**

      1.    Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representative, must do so on or before the Opt-Out and Objection Date. In order to object, the Settlement Class Member must file a written objection with the Court on or before the Opt-Out and Objection Date and serve it via mail on Class Counsel and Defense Counsel and include: (a) the name, address, telephone number, email address, and date of birth of the Settlement Class Member who is objecting and the phone number at which the person received one or more RVMs by or on behalf of Defendants during the Class Period, and if represented by or otherwise receiving any legal advice or assistance by counsel, the name, bar number, address, and telephone number of counsel; (b) proof of receipt of a RVM sent by or on behalf of Defendants during the Class Period (e.g., recording or screenshot); (c) a signed statement stating, under penalty of perjury, that he or she is a member of the Settlement Class and received one or more messages sent by or on behalf of Defendant between February 12, 2014 through the date of Preliminary Approval, and that all other factual statements made in the objection are true; (d) the reasons for his or her Objection and the legal and factual basis for the Objection; (e) the actual written signature of the Settlement Class Member making the objections; and (f) a statement indicating whether he or she intends to appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to strictly comply with the foregoing, or who fails to timely file with the Court and serve on Class Counsel and Defense Counsel a written objection and notice of his

9

or her intent to appear at the Fairness Hearing pursuant to this Paragraph, shall not be permitted to object to the approval of the Settlement at the Fairness Hearing, shall be deemed to have assented to the Settlement for all purposes, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

2. In addition, any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Service Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Court a notice of intention to appear no later than the Opt-Out and Objection Date.

Papers submitted under Section C. of this Order must be filed electronically with the Court or filed by delivery to:

Clerk
United States District Court for the
Northern District of Illinois
219 South Dearborn
Chicago, IL 60604

Such papers must also be served by mail on Class Counsel and Defense Counsel listed below:

ON BEHALF OF CLASS COUNSEL:

Katrina Carroll
Kyle Shamberg
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602


ON BEHALF OF DEFENDANTS:

Michelle Pector
Ezra Church
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103

    3.    <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to either object to the Settlement or opt out by submitting a request for exclusion must do so by the Opt-Out and Objection Date of **December 7, 2019.** Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control.

    4.    <u>Response to Objections</u>. Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Fairness Hearing. The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition.

**D.**    **Procedure for Requesting Exclusion from the Settlement Class**

    1.    Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. To submit a request for exclusion, a Settlement Class Member must follow the direction in the Class Notice and send a compliant

14

request to the Settlement Administrator at the address designated in the Class Notice postmarked on or before the Opt-Out Deadline. The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion and must state the Settlement Class Member's full name, address, telephone number(s) on which he or she received a RVM sent by or on behalf of Defendants during the Class Period, and must provide telephone number at which he or she currently can be reached. A Settlement Class Member may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member in strict compliance with this provision, shall not be allowed.

2. Except for those members of the Settlement Class who timely and properly file a request for exclusion (Opt-Out), all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

3. Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

E. **The Court Approves the Settlement Class Notice Program**

1. <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement

Agreement and this Order.

2.	<u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, attached as Exhibit B to the Settlement. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Cameron R. Azari, Esq. on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law.

3.	<u>Distribution of Class Notices</u>. The Court finds that the distribution of the Class Notices substantially in the manner and form set forth in the Declaration of Cameron R. Azari, Esq. on Settlement Notices and Notice Plan meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.

4.	The Court directs the Settlement Administrator to establish a Settlement website, making available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

5.	The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to Settlement Class Members on or before **October 23, 2019,** which is twenty-eight (28) days from the date of this Order and shall constitute the "Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.

6.	The Settlement Administrator shall provide the Opt-Out List to Class Counsel and

14

Defense Counsel no later than seven (7) days after the Opt-Out and Objection Date.

7. The Settlement Administrator shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy, as well as proof of compliance with the Settlement Class Notice Program, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than fourteen (14) days prior to the Fairness Hearing.

**F.      Miscellaneous Provisions**

1. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement are stayed.

2. <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or

14

arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Person and Class Counsel as a result of the violation. This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

3. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

4. <u>Use of Order</u>. This Order shall not be used by any Party or any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement.

5. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

6. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

7. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **September 25, 2019** | Order granting preliminary approval (provided for the Court's ease in calculating dates) |
| **September 28, 2019** | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **October 23, 2019** [28 days from the date of the Order granting preliminary approval] | Notice Date |
| **November 23, 2019** [14 days before the Opt-Out and Objection Date] | Deadline to file Motion for Attorneys' Fees and Service Award |
| **December 7, 2019** [45 days after the Notice Date] | Opt-Out and Objection Date |
| **December 14, 2019** [7 days after the Opt-Out and Objection Date] | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| **February 20, 2020** [120 days after the Notice Date] | Claims Deadline |
| **January 28, 2019** [14 days before the Fairness Hearing] | Deadline for Parties Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **February 4, 2020** [7 days before the Fairness Hearing] | Deadline for Settlement Administrator to file Opt-Out List and proof of CAFA Notice and Class Notice |
| **February 11, 2020 at 9:30 a.m.** | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: 9/24/2019

Hon. Harry D. Leinenweber
United States District Judge

15