UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE LECHUGA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:19-CV-02176 |
| SPARK ENERGY, LLC, | ) ) | Honorable Rebecca R. Pallmeyer |
| Defendant. | ) ) | |

**DEFENDANT SPARK ENERGY, LLC'S AMENDED MEMORANDUM OF LAW
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant Spark Energy, LLC ("Spark") moves in part to dismiss Plaintiff Michelle Lechuga's ("Plaintiff") Second Amended Class Action Complaint ("Complaint") for "fail[ure] to state a claim upon which relief can be granted." FED. R. CIV. P. 8(a) and 12(b)(6). Plaintiff's Complaint asserts a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and alleges (1) individual claims for alleged prerecorded calls or "ringless voicemails"[1] she received along with (2) both individual and class action claims for voice calls allegedly placed with an automatic telephone dialing system or "ATDS." Although this motion does not seek to resolve Plaintiff's pleading of individual claims for prerecorded calls and/or ringless voicemails[2], Spark does move to dismiss Plaintiff's claims related to voice calls—since Plaintiff has not alleged any plausible facts that support the elements of a cause of action for voice calls.

---

[1] As previously briefed for this Court, Plaintiff is judicially barred from pursuing any class action allegations for ringless voicemail in light of the class action settlement in the *Albrecht* matter. ECF 35. Because, Plaintiff has opted out of the *Albrecht* settlement, however, she can still pursue them individually.

[2] As will be established on summary judgment, ringless voicemails are not a "call" under the TCPA.

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a resident of Illinois. Compl. ¶ 4. She alleges Spark is a retail energy services company headquartered in Houston, Texas that operates in eighteen (18) states and the District of Columbia and has 774,000 residential customers. *Id*. at ¶¶ 6-7. Plaintiff alleges Spark engages with third party vendors to conduct door-to-door marketing and outbound telemarketing. *Id.* at ¶¶ 10, 12. She claims that Spark is vicariously liable for the actions of its third party venders under the TCPA. *Id.* at ¶ 14. She further alleges that Spark's telemarketing efforts included the use of automated telephone dialing systems ("ATDS") to solicit customers. *Id*. at ¶ 16.

Plaintiff asserts that on December 14, 2017, she began to receive unsolicited telephone calls from Spark on her cellular telephone marketing Spark's energy services. *Id.* at ¶¶ 24-25. She alleges that on several occasions, she answered the calls and experienced a pause before being connected to a Spark representative. *Id*. at ¶ 26. She claims that she informed Spark she was not interested and requested the Defendant stop calling. *Id.* at ¶ 27. Additionally, she asserts that she received multiple prerecorded messages marketing Spark's services, including "ringless voicemails" from Spark. *Id*. at ¶¶ 28 & 29. In total, she claims she purportedly received twenty (20) communications from Spark to her cellular telephone, including "calls" on December 14, 2017, December 22, 2017, February 20, 2018, and February 22, 2018. *Id.* at ¶ 32.

Plaintiff seeks to represent a class of all persons in Illinois who received one or more telephone calls promoting Spark's products or services to their cellular telephones from an ADTS at any time beginning from March 28, 2015. *Id.* at ¶ 36.

## II. ARGUMENT AND AUTHORITIES

### a. The Legal Standard

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "A pleading that offers **labels and conclusions or a formulaic recitation of the elements** of a cause of action will not do. Nor does a complaint suffice if it tenders **naked assertions devoid of further factual enhancement**." *Id.* (quotation marks and citation omitted; emphasis added). Here, Plaintiff's Complaint fails to overcome this standard.

### b. Plaintiff Fails to Plead Facts Sufficient to State a Plausible Claim

Plaintiff seeks to assert a cause of action under 47 U.S.C. § 227(b)(1)(A)(iii) for calls that Spark allegedly made to Plaintiff's cell phone. Such a claim requires: (1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS or prerecorded message; (3) without the plaintiff's prior express consent. *Id.* Plaintiff has failed to adequately plead such facts. An ATDS is statutorily defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

> *1. Plaintiff has not adequately alleged that Spark made ATDS calls to her cellular telephone.*

To support her TCPA claim, Plaintiff's Complaint alleges claims for essentially two types of calls: prerecorded messages / ringless voicemails and live voice calls made with an ATDS. Compl. ¶¶ 56-59. Plaintiff recognizes that the ringless voicemails and/or prerecorded messages at issue are covered by a class settlement in another matter, but has opted out to pursue

3

those claims individually. *See id*. at ¶ 59. But Plaintiff is also pursuing claims for actual voice calls made with an ATDS, which Plaintiff does purport to assert both individually ***and on behalf of an Illinois class.*** *Id*. at ¶ 36. However, Plaintiff has not alleged the requisite facts needed to satisfy the first element of her TCPA claim for ATDS calls—she has not alleged plausible facts that she alleged any voice "call" at all.

In an effort to add some specificity to her allegations, Plaintiff claims simply that she received "no less than 20 unsolicited phone calls" including calls on "December 14, 2017, December 22, 2017, February 20, 2018, and February 22, 2018." Compl. ¶ 32. The only plausible explanation for the dates Plaintiff cites are that they are the ringless voicemails that were disclosed by prior incorrectly named defendant Spark Energy, Inc. in an affidavit attached to its motion to stay in light of a class action settlement. ECF 35-4.[3] In its disclosure, Spark Energy, Inc. noted that these four ringless voicemails were subject to a class settlement and provided the dates on which they were placed. ECF 35. Nothing in that affidavit was suggestive that voice calls were made by Spark, and Plaintiff's Complaint provides no facts showing Spark made any voice calls to her phone at all. Compl. ¶ 27.

Setting aside what are actually dates that Plaintiff supposedly received ringless voicemails, the Complaint provides no additional, specific facts sufficient to state a claim for any voice ATDS calls. It does not allege facts showing that Spark (or "its agents") made any actual calls to Plaintiff, such as (i) what day and time the calls allegedly occurred (other than the aforementioned ringless voicemails); (ii) what specifically was said on the calls; (iii) what led Plaintiff to believe the calls were made by or on behalf of Spark; and (iv) when she asked Spark to stop calling. Plaintiff's allegations are vague at best. The Complaint provides no facts showing that Spark made the alleged calls to Plaintiff or that anyone acting Spark's behalf made

---

[3] Plaintiff has opted out of the class settlement.

4

the calls. Instead, she merely asserts in a conclusory fashion that Defendant made the calls, without providing any facts indicating how Plaintiff knows this is purportedly true. *See id.* at ¶ 24. *See, e.g., Hanley v. Green Tree Svcg., LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013) (dismissing TCPA complaint because, among other things, "Hanley does not plead how many calls Green Tree allegedly made to him in violation of the Act. Nor does Hanley plead when the allegedly offending calls were made. He does not plead when he asked Green Tree to cease calling him, nor how he asked.")

Plaintiff alleges that she "informed Defendant that she was not interested in Defendant's energy services," however she does not provide any facts suggesting that the caller identified themselves at any point in time as calling on behalf of Spark nor does she state when she asked them to stop calling. *See id.* at ¶ 27. Accordingly, nothing in the Complaint alleges plausibly that Spark called Plaintiff at all. *See, e.g., Hanley* 934 F. Supp. 2d at 983; *Trenk v. Bank of Am.*, No. CV 17-3472, 2017 WL 4170351, at *2 (D.N.J. Sept. 20, 2017) (dismissing TCPA complaint that gave merely a general date range of calls, failed to allege the Plaintiff's phone numbers, and failed to allege the content of the calls).

This issue is not academic or meaningless, since because of the class settlement regarding ringless voicemails, Plaintiff's ***only*** ability to maintain class allegations is dependent solely on her vague claims about the receipt of ATDS calls. In other words, Plaintiff appears to be improperly trying to shoehorn class claims that can no longer be pursued into what should be an individual only case regarding ringless voicemails and/or prerecorded messages. This attempt to impose an unjustified discovery burden on Spark should not be permitted by the Court. Indeed, preventing such misplaced legal tactics is exactly the purpose of Rule 12(b)(6)—Plaintiff should

not be able to assert ATDS call claims by merely stating that they occurred and without providing any specific facts that make such allegations plausible.

### 2. *Plaintiff does not adequately allege use of an ATDS.*

The allegations related to the second element of Plaintiff's claim—that the voice calls were made using an ADTS are likewise inadequate. As to the bare assertion that an "ATDS" may have been used, that is not sufficient. Indeed, courts in this district have recognized that "pleading the use of an ATDS, without providing any other supporting facts, makes the allegation a conclusory statement merely reciting the legal elements of a TCPA claim." *Johansen v. Vivant, Inc.*, No. 12-C-7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012); *see also Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found that a bare allegation that defendants used an ATDS is not enough"). A plaintiff must, at minimum, "describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [ATDS]." *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at *2 (N.D. Ill. Apr. 13, 2015) (quoting *Johansen*, 2012 WL 6590551, at *3). Plaintiff's Complaint fails to do so.

Here, the Complaint simply states "Upon information and belief, Defendant's outbound telemarketing efforts include the use of an [ATDS] to solicit consumers nationwide." Compl. ¶ 16. Merely using the "ATDS" buzzword is not sufficient, and the Complaint states no "supporting facts" indicating that an ATDS was used to call Plaintiff's cell phone. *See, e.g., Martin v. Direct Wines, Inc.*, 15-CV-757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("It is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS."); *Oliver v. DirecTV, LLC*, No. 14-CV-7794, 2015 WL 1727251, at


\*3 (N.D. Ill. Apr. 13, 2015) (dismissing claim because while plaintiff pled allegations that defendant "possibly" used an ATDS, "these alleged facts do not suggest beyond the speculative level that Defendant actually used an ATDS"); *Banks v. Green Tree Servicing, LLC*, No. 14-CV-2825, 2015 WL 1058124, at \*5 (N.D. Ill. Mar. 5, 2015) (dismissing TCPA claim because plaintiff failed to allege facts indicating why she believed defendant used an ATDS); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983-84 (N.D. Ill. 2013) (the mere recitation of "facts mimicking the elements of a" TCPA claim is insufficient to state a claim).

Relatedly, "47 U.S.C. § 227(a)(1) requires that an ATDS have the capacity to generate numbers randomly or sequentially and then to dial them . . . . [a]nd that defining characteristic of an ATDS defeats [Plaintiff's] claim" because her "complaint does not plausibly allege that [s]he was called with a device that has the capacity to store or produce numbers that have been randomly or sequentially generated." *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 939 (N.D. Ill. 2018). Significantly, the Complaint does not contain any such allegation—plausible or otherwise—thereby warranting dismissal. Because Plaintiff has failed to allege facts sufficient to state a claim under the TCPA, her claims based on supposed live voice calls made with an ATDS should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Spark Energy, LLC respectfully requests that this Court grant its Motion to Dismiss in Part, with prejudice.

Dated: January 14, 2020                    Respectfully Submitted,

*/s/ Tinos Diamantatos*
Tinos Diamantatos
tinos.diamantatos@morganlewis.com
77 West Wacker, Suite 500
Chicago, IL 60601
(312) 324-1000 (Telephone)
(312) 324-1001 (Facsimile)

Ezra D. Church
ezra.church@morganlewis.com
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
*Admitted Pro Hac Vice*

Michelle D. Pector
michelle.pector@morganlewis.com
*Admitted Pro Hac Vice*
Veronica Lew
veronica.lew@morganlewis.com
*Admitted Pro Hac Vice*
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, TX 77002
(713) 890-5455

*Attorneys for Defendant Spark Energy, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system and served upon the following counsel of record.

Joseph S. Davison
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Attorney for Plaintiff Michelle Lechuga*

*/s/ Tinos Diamantatos*
Tinos Diamantatos